MARY A. TRUESDAIL, Respondent, v. MARY A. TRUESDAIL'S EXECUTOR, Appellant.

St. Louis Court of Appeals, November 9, 1897.

1. **Account:** EVIDENCE: SUFFICIENCY. The evidence in this cause is considered by the court, and held sufficient to support the account sued on.

2. ——: ——: INFERENCE. In a suit on account for allowance against the estate of a deceased person for services rendered as a nurse and medicines furnished the deceased during her sickness, the mere fact that plaintiff's husband was the son of deceased, and that she was taken sick and died at his house, was not sufficient to show that she was a member of his family; and, in the absence of any such evidence, the fair inference is that deceased went to her son's on a visit, and while there took sick and died.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*George Bullock* and *Chas. W. Bates* for appellant.

If the finding by the trial court is not supported by at least some evidence tending to prove the facts found, the appellate court will reverse the lower court. *Irwin v. Woodmansee*, 104 Mo. 403, 407. See, also, *Ex parte Haley*, 99 Mo. 145, 149; *Selz v. Collins*, 55 Mo. App. 55, 62; *Knapp, Stout & Co. v. Standley*, 45 Id. 264, 268.

The presumption is where one member of a family performs services or expends money for another or for the family, that the services and expenditures were gratuitous. *Snyder v. Free*, 114 Mo. 360, 371; *Erhart v. Dietrich*, 118 Id. 418, 431; *Penter v. Roberts*, 51 Mo.

App. 222; *Koch v. Hebel*, 32 *Id.* 103, 107, *et seq.*; *Woods v. Land*, 30 *Id.* 176, 181.

Daughter-in-law and mother-in-law may stand to each other in the relationship of members of the same family; and where they live together as one family, as in the case at bar, they are members of the same family. *Snyder v. Free, supra; Guenther v. Berkicht's Adm'r*, 22 Mo. 432, and citations.

The mere acceptance of services, even from a person not a member of the family, is not sufficient to raise an implied promise to pay therefor, and previous request must be shown.

*John N. Straat* for respondent.

BLAND, P. J.—This suit originated in the probate court of St. Louis upon the following account presented by respondent for allowance against the estate of Mary A. Truesdail, deceased, to wit:

To services rendered by Mary A. Truesdail to deceased as nurse
and attendant during her last illness, from October 14, 1895,
to January 5, 1896, eighty-two days, at $1.75 per day........ .. $143 50
To washing wearing apparel of the deceased during the same time    11 00
To cash paid for medicine for the deceased the last two weeks of
her illness ............. . .................. ..... ......    7 30
                                                              --------
Total..................... . ....... . ........ ... ..... $161 80

The cause was appealed to the circuit court of St. Louis city, where upon a trial *de novo* before the judge sitting as a jury, judgment was recovered by the respondent for the full amount of her claim. From this judgment the executor appealed.

Appellant's first contention is that the evidence was insufficient to prove the account. There is no merit in this contention. The evidence is ACCOUNT: evidence: sufficiency. all one way, to the effect that the deceased arrived at the house of respondent October 9, 1895; that in a short time thereafter she was

taken sick, and continued sick until January 5, 1896, when she died; that during her sickness the respondent nursed and cared for her; that during the last three or four weeks of her sickness she was as helpless as a child, and required a great deal of attention; that the respondent was capable and faithful in her attentions to deceased, and that her services were worth what she asks, and that she paid out the money charged for medicines.

Appellant's further contention is that the deceased was a member of respondent's family, and that the services were rendered to her as such, and therefore no recovery could be had, unless there had EVIDENCE: inference. been an express contract or agreement to pay for them. The evidence does not support this contention. The mere fact that respondent's husband was the son of deceased, and that she took sick and died at his house, is not sufficient to establish the fact that she was a member of his family. She was taken to respondent's house by another son, and she remained there until she took sick. For what purpose she was taken there does not appear from the evidence. It does appear that she was not living there prior to October 8, and that she had ample means of her own for her support. It is not stated that she was taken to her son's to remain there as a member of the family, and it is not to be presumed that such was the purpose and intention of the deceased and of the respondent, when to indulge such a presumption would probably have the effect to defeat the collection of the compensation by respondent for services justly and faithfully earned by her. It is much more consonant with reason and justice to take the view the learned trial court took, that the fair inference to be drawn from the evidence is, that the deceased went to her

son's on a visit to him and his family; that while there on her visit she took sick and died.

It is unnecessary to notice the declarations of law given by the court, further than to say that they were more favorable to appellant than the facts warranted.

With the concurrence of the other judges the judgment will be affirmed.